SCHOOL DIST. NO. 9, IN SEARSPORT, *versus* MOSES DESHON.

In an action, under § 54, c. 11, of R. S., against a school agent of a district, for money in his hands unexpended, his objection to the maintenance of the suit, that it does not appear that he took the required oath as agent, will not be sustained.

Where the district agent received money, which by the statute was to be appropriated for certain definite and specific purposes, he cannot retain any balance remaining in his hands, on account of personal services rendered, as the statute provides that the money, "not so appropriated by him during his term of office," belongs to the district and may be recovered of him.

EXCEPTIONS from the ruling at *Nisi Prius* of BARROWS, J.

This was an action under sec. 54 of c. 11 of R. S., to recover of the defendant money received by him as school agent, which the plaintiffs allege has not been expended. The writ also contains a count for money had and received. The case was brought into this Court by appeal, by defendant, from the judgment of the Police Court of Belfast against him for $10,68, damages and costs of suit.

School District No. 9, in Searsport, *v.* Deshon.

It was admitted that, in the year 1861, the defendant was acting school agent of the district, and received from the former agent $10,68, which belonged to the district; that he drew from the treasurer of the town the school money of the district, amounting to $136,38.

It was also admitted that the records of the district do not show that the defendant was sworn, but it was not denied that he was the acting agent during that year. The plaintiffs, before commencing suit, demanded the said sum of $10,68, which defendant refused to pay, claiming that he had an account for services and expenditures against the district.

The defendant testified that services charged in his account, which he produced, for repair of school house and of time and travelling expenses in obtaining teachers, &c., amounting to $21,35, were correct and necessary. The account was not seasonably filed in set-off in this action, and it was not permitted to go to the jury, although the defendant claims that the services rendered should go in set-off to the account of plaintiffs.

The instruction to the jury, to which the defendant excepted, will appear from the opinion.

*W. H. McLellan*, in support of the exceptions.

*N. Abbott, contra.*

The opinion of the Court was drawn up by

KENT, J.—This is an action under statute § 54 of c. 11 of R. S., to recover money received by defendant as school agent of the district. It was objected that the action cannot be sustained, because it does not appear that the agent was sworn. But the case finds that he was acting agent, under an election, and that, as such agent, he received and held the money in question. He was agent *de facto,* and we think he cannot object, in this suit, that all of the requirements of the statute were not complied with. Having received the money, claiming to be agent, he must account

for it. Indeed, if he cannot be regarded as agent, for any purpose, he may be liable in his individual capacity, under the count for money had and received, and be debarred from any defence arising from his acts as such agent.

The only exception taken to the ruling of the presiding Judge, upon the merits of the case, is, that he excluded the claim of the defendant " for *personal* services in going after the teachers." He directed the jury to allow what they deemed just for all other claims proved to their satisfaction.

By § 53 of c. 11, it is provided that the school agent shall employ teachers from the money placed at his disposal for that purpose, and, *from the same means,* provide fuel and utensils and make repairs, and pay insurance, if the district so direct. By § 54, it is provided that each agent, within the year for which he is chosen, *shall* expend the money apportioned to his district for the support of the schools therein, taught by instructers duly qualified. Any money received by the agent for the use of the district, and not appropriated by him *to such use* during his term of office, may be recovered from him in an action on the case, in the name of the town or district.

Assuming that the agent has or may have a legal claim for personal services against the town or district, the question is, can he legally claim to retain his compensation out of the money paid over to him for the support of schools in the district? No account in offset was filed in this case. The statute points out very minutely all the purposes to which he may apply the money; viz. : payment of teachers, for fuel, utensils, repairs and insurance. And *any* money " not so appropriated by him to *such use,* during his term of office," belongs to the district and may be recovered of him.

We think that the statute did not intend to allow the retention of any part of this money to pay for the personal services of the agent. It is the case where the law specifically appropriates *all* the money he may receive. He is bound so to use it, and, if he does not so use it all, he is bound to pay the part remaining in his hands to the district.

If he has any legal claim for personal services, he must look to the district or town for payment, by suit or otherwise. If he might have filed such a claim in offset, he has not done it. And it is well settled that a defendant cannot avail himself of any demand he may have against the plaintiff, if it has not been filed in offset pursuant to the statute; unless the demand arose from an actual payment of the plaintiff's demand, or, unless it was the understanding or agreement, expressed or implied, that one should be in payment or discharge of the other. *Sargent* v. *Southgate*, 5 Pick., 312; *Braynard* v. *Fisher*, 6 Pick., 355. We think that money placed in the hands of a public officer to be by him appropriated for definite and specific purposes pointed out in the statute, under the provisions of which he received it, cannot be regarded as within the exception to the general rule. *Exceptions overruled.*

APPLETON, C. J., CUTTING, WALTON, BARROWS and DANFORTH, JJ., concurred.